

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00547-CR

Desere Devine **DAVILA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 4, Bexar County, Texas
Trial Court No. 569002
Honorable Jason Roland Garrahan, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Patricia O. Alvarez, Justice
                Irene Rios, Justice

Delivered and Filed: July 10, 2019

AFFIRMED

Appellant Desere Devine Davila was charged by information, tried by a jury, and convicted of assault, bodily injury. She appeals her conviction.

Davila was charged by information in Cause Number 569002 with assault, bodily injury. Davila pled not guilty, but a jury returned a unanimous verdict of guilty. Davila elected for the court to determine punishment. Davila and the State agreed to recommend punishment as follows: Davila to pay court costs, a $500 fine, receive a sentence of 180 days in Bexar County Jail,

probated for one year, complete 80 hours of community service, and some other conditions. The trial court accepted the recommendation and sentenced Davila in accordance with the agreement.

Davila timely filed a notice of appeal. The trial court appointed appellate counsel, and court-appointed counsel filed an *Anders* brief. Davila did not file a pro se brief.

#### COURT-APPOINTED APPELLATE COUNSEL'S *ANDERS* BRIEF

Davila's appellate counsel filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967); counsel also filed a motion to withdraw. In the brief, counsel recites the relevant facts with citations to the record. Counsel examined the information with respect to a properly alleged offense and trial court jurisdiction. Counsel reviewed Davila's only pretrial motion, which was granted; the jury selection process including the challenges to venire members; opening statements and pre-evidentiary issues; key witness testimony; the jury charge; closing arguments; Davila's thrice-asserted motion for directed verdict based on insufficiency of the evidence; and the parties' agreed recommendation to the court on punishment. Based on counsel's review, counsel determined that there are no arguable errors in the trial of this cause and Davila's appeal is frivolous and without merit. *See Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no pet.).

We conclude appellate counsel's brief meets the *Anders* requirements. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Counsel provided Davila with a copy of the brief and counsel's motion to withdraw, and informed Davila of her right to review the record and file a pro se brief. *See Nichols*, 954 S.W.2d at 85–86; *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Counsel advised Davila of her right to request a copy of the record and provided Davila with a motion to request a copy of the record

that lacked only the date and Davila's signature. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).

On March 1, 2019, after the State filed its brief waiver, this court advised Davila that if she wished to file a pro se brief, she must do so by April 1, 2019. Davila did not request a copy of the appellate record or file a pro se brief.

## CONCLUSION

Having reviewed the entire record and the *Anders* brief, we agree with Davila's appellate counsel that there are no arguable grounds for appeal and the appeal is wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the trial court's judgment and we grant appellate counsel's motion to withdraw. *See Nichols*, 954 S.W.2d at 85–86; *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed. Should Appellant wish to seek further review of this case by the Court of Criminal Appeals, she must file a petition for discretionary review either through a retained attorney or by representing herself. Any petition for discretionary review must be filed within thirty days from the date of either (1) this opinion or (2) the last timely motion for rehearing or motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *Id.* R. 68.3(a). Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *Id.* R. 68.4.

Patricia O. Alvarez, Justice

DO NOT PUBLISH

- 3 -